20

## SHEEDY v. PEARSON, et al.
### No. 66-L-905.
Circuit Court, Palm Beach County.

August 17, 1967.

Robert C. Kime, Palm Beach, and Sholts & Adams, West Palm Beach, for plaintiff.

Kirk Sullivan, West Palm Beach, for defendants.

JAMES R. KNOTT, Circuit Judge.

Plaintiff sues the defendants on account of certain alleged slanderous statements made by the defendant H. R. Pearson. The case was tried before the court without the intervention of a jury.

It is alleged that on June 3, 1966 the plaintiff — "was employed by the defendant Discount Leasing Corporation of America, as a clerk in a portion of the J. M. Fields, Inc. store (on Okeechobee Road in West Palm Beach) leased by them to

Discount Leasing Corporation of America," that Pearson, acting within the scope of his employment as a joint employee of the two corporate defendants, called the plaintiff into his office and advised her, in the presence of one George Reynolds, that she was — "guilty of the crime of conspiracy to commit petit larceny by virtue of a scheme between her and her son to sell store merchandise to him at less than what it was offered to the public for."

Plaintiff further alleged that Pearson — "later advised one Lucy Napier, an employee of Discount Leasing Corporation of America, that he had fired the plaintiff because she was guilty of the crime of conspiracy to commit petit larceny."

Plaintiff charges that the statements thus made by Pearson were not true, that Pearson knew they were without reasonable basis, and that they constituted a slander per se.

Defendants contend — (1) that any such statements by Pearson were true, and (2) that the same were business communications subject to a qualified privilege where made without malice and in performance of a duty or in protection of a mutual interest.

See 33 Am. Jur., *Libel and Slander,* §170. In 20 Fla. Jur., *Libel and Slander,* §77, it is stated —

> "Publication in regard to business, to others than those interested in the business, is not privileged; but a publication in regard to business made by one having an interest therein and solely to others having an interest in the business is privileged. The privilege furnishes a good defense in a suit for libel unless it can be shown that the publication was made with express malice."

The testimony showed that George Reynolds, who is alleged to have been present when Pearson made the statement mentioned, was security agent for J. M. Fields, Inc. and its lessee-tenants, and acting in that capacity at the time of the incident in question; further, that Lucy Napier was plaintiff's supervisor.

The record does not support the conclusion that Pearson acted with actual or express malice — the contrary may be inferred from the fact that he directed Reynolds, the security agent, not to "press charges" against plaintiff if she paid the balance alleged to be due for the sale of the merchandise, which she did.

It thus appears that regardless of the truth of the statements by Pearson, the same were privileged, and therefore not actionable.

It is accordingly ordered and adjudged that plaintiff take nothing by her suit, and that defendants shall go hence without day, costs to be taxed by further order.